**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**RANDOLPH SIMMONS**, on behalf of himself and all
others similarly situated,

                    Plaintiff,                         CLASS ACTION COMPLAINT
                                                            & DEMAND FOR JURY TRIAL
                                                            Docket No.

     vs.

**THEUBEAUTY.COM, LLC,**

                    Defendant.
------------------------------------------------------------------x

Plaintiff **RANDOLPH SIMMONS,** ("Plaintiff" or "Mr. Simmons,") individually and on behalf of himself and all others similarly situated (collectively, "Plaintiffs"), by and through his undersigned counsel, brings this action against Defendant, **THEUBEAUTY.COM, LLC** ("U BEAUTY" or "Defendant"), for violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et seq., arising from Defendant's failure to ensure that its ecommerce Website, [www.theubeauty.com](www.theubeauty.com), is accessible to blind and visually impaired individuals.

## INTRODUCTION

1.        Plaintiff **RANDOLPH SIMMONS** is a legally blind resident of Bronx County, New York. He suffers from **Retinitis Pigmentosa**, a severe degenerative retinal disease that has caused permanent and profound vision loss. His treating ophthalmologist, **Dr. Robert Friedman of Mount Sinai Morningside**, certified Mr. Simmons as legally blind on the New York State Office of Children and Family Services **Report of Legal Blindness**, confirming that his functional vision meets both federal and state definitions of

legal blindness. As a result, Mr. Simmons relies entirely on screen-reading technology and keyboard navigation to access digital content independently. Exhibit A

2.      Mr. Simmons is a proficient user of screen-reading technology, including **JAWS** and **NVDA**, which he relies upon to navigate digital environments without sight. Because he cannot visually perceive website content, he depends on websites to provide proper semantic structure, meaningful alternative text, labeled interactive controls, and screen-reader-compatible navigation. For blind consumers such as Mr. Simmons, screen-reading software is not optional—it is the **only** means by which they can independently access the internet.

3.      For Mr. Simmons, **premium skincare products** are not cosmetic luxuries—they are essential components of his daily health and self-care routine. Blind individuals frequently experience skin dryness, sun sensitivity, and eye-area strain associated with their medical conditions and medications. Mr. Simmons specifically sought to purchase three products sold exclusively on Defendant's Website: the **Multimodal Defender SPF 30** (a dark-spot and hyperpigmentation treatment with SPF protection), **The Super Hydrator** (a long-lasting hydration treatment), and **The Return Eye Concentrate** (a restorative eye treatment relevant to his condition). These products incorporate Defendant's proprietary "SIREN Capsule" technology, which is **not available from any other retailer**, making Defendant's Website the only source from which Mr. Simmons could obtain them.

4.      Defendant operates **www.theubeauty.com**, a highly interactive ecommerce platform through which it markets and sells skincare products and related consumer goods. Mr. Simmons visited the Website on **March 18, April 2, and April 9, 2026**, intending to

research and purchase the above-referenced products. However, during each visit, he encountered pervasive accessibility barriers that prevented him from independently accessing product descriptions, ingredient information, pricing, package options, and customer reviews. These barriers included missing alternative text, empty buttons, broken ARIA attributes, inaccessible dynamic regions, and unlabeled interactive controls—each of which prevented his screen reader from conveying essential information.

5.      These barriers were not isolated. Independent automated audits conducted using **SortSite in 2026** revealed widespread accessibility failures across more than **790 pages** of Defendant's Website, including WCAG 2.1 Level A and AA violations such as:

• missing alternative text on product images;

• empty buttons and empty links;

• broken ARIA attributes;

• ARIA-hidden elements containing focusable content;

• autoplaying videos without pause controls;

• invalid ARIA bindings;

• broken JavaScript files; and

• inaccessible dynamic regions. These failures rendered essential product information inaccessible to screen-reader users and prevented Mr. Simmons from completing a purchase. Exhibit B

6.      Defendant's ongoing operation of an inaccessible website is particularly notable in light of its **prior litigation history**. In **Ortiz v. TheUBeauty.com, LLC**, Case No. 1:25-cv-00638 (W.D.N.Y.), Defendant filed a **Motion to Dismiss on August 13, 2025**, asserting under oath that its website "**is accessible to the blind and visually impaired**,"

that it had "**expended funds to ensure full and equal enjoyment for persons with disabilities**," and that it was "**committed to maintaining the accessibility of the Website into the future**." The extensive accessibility failures documented in the 2026 SortSite audits directly contradict these sworn statements and demonstrate that Defendant did **not** remediate its website following the prior lawsuit. Instead, Defendant continues to operate an ecommerce platform that excludes blind users from equal participation in its online marketplace.

7. Plaintiff brings this action to secure injunctive relief requiring Defendant to bring its Website into compliance with **WCAG 2.1** and to adopt policies ensuring ongoing accessibility. Plaintiff remains genuinely interested in purchasing Defendant's products and intends to return to the Website as soon as it is made accessible. Without remediation, Plaintiff and other blind consumers will continue to be denied equal access to Defendant's goods, services, and digital content.

## JURISDICTION & VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, including Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

15. This Court has supplemental jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal ADA claims.

16. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in Bronx County, which is within this District, and

accessed Defendant's website from within this District, and experienced the discriminatory barriers alleged herein in this District.

17.     Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities toward New York consumers through its highly interactive ecommerce website, www.theubeauty.com, which allows users to browse inventory, review product information, create accounts, and complete purchases. Defendant ships products directly to New York residents and derives substantial revenue from sales to consumers in this State.

18.     The United States Department of Justice has repeatedly confirmed that the ADA applies to the goods, services, privileges, and activities offered by public accommodations on the web. The DOJ's Guidance on Web Accessibility and the ADA states that the ADA's requirements apply to all services offered by public accommodations, including those offered online.

19.     This Court is empowered to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

20.     Plaintiff **RANDOLPH SIMMONS** is a legally blind resident of Bronx County, New York. Mr. Simmons suffers from Retinitis Pigmentosa, a degenerative retinal disease that has caused permanent and profound vision loss. On January 4, 2024, his treating ophthalmologist, Dr. Robert Friedman, MD, of Mount Sinai Morningside, certified him as legally blind on the New York State Office of Children and Family Services **Report of Legal Blindness**. As a result, Mr. Simmons relies exclusively on screen-reading

software, including JAWS and NVDA**,** and keyboard navigation to access digital content independently.

21.    Plaintiff is a member of a protected class under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12102(1)–(2), the regulations implementing the ADA at 28 C.F.R. § 36.101 et seq., the New York State Human Rights Law ("NYSHRL"), and the New York State General Business Law § 349 ("GBL"). As a blind consumer, Plaintiff depends on accessible websites to obtain product information, compare options, and complete online purchases independently.

21.    Defendant, **THEUBEAUTY.COM, LLC** ("U Beauty") is a Delaware limited liability company registered as a foreign LLC with the Florida Secretary of State. Defendant operates the **U Beauty online retail store** and its highly interactive ecommerce website, www.theubeauty.com, through which it advertises, markets, and sells skincare products throughout the United States, including to consumers in New York.

22.    Defendant's Website constitutes a place of public accommodation under Title III of the ADA, 42 U.S.C. § 12181(7), because it is a sales establishment offering goods and services to the public. Through its Website, Defendant provides consumers with access to an array of skincare products—including the **Multimodal Defender SPF 30**, **The Super Hydrator**, and **The Return Eye Concentrate**—as well as product descriptions, ingredient information, pricing, delivery options, account creation, customer service resources, and online checkout functionality.

23.    Defendant purposefully directs its business activities toward New York consumers. It ships products directly to New York residents, derives substantial revenue from sales to New York consumers, and maintains an interactive Website that allows users

in New York to browse inventory, review product information, and complete purchases. Defendant's conduct, including its operation of an inaccessible Website, has caused injury to Plaintiff within this District.

## NATURE OF ACTION

24.     The internet is an essential tool for blind and visually-impaired individuals, who rely on screen-reading software and keyboard navigation to independently access information, shop for goods, manage daily routines, and participate in modern commerce. For blind consumers such as Plaintiff, accessible websites are not conveniences—they are necessities that allow equal participation in the digital marketplace.

23.     Blind users access websites using screen-reading software that vocalizes the visual information displayed on a computer screen or presents it on a refreshable Braille display. This technology is the **only** method by which blind individuals can independently browse, evaluate, and purchase goods online. Unless websites are designed to be compatible with screen-reading software, blind users are unable to perceive essential content, identify interactive elements, or complete transactions.

24.     Plaintiff is a proficient user of **JAWS** and **NVDA**, two of the most widely used screen-reading programs. For these programs to function, website content must be capable of being rendered into text through proper semantic coding, meaningful alternative text, labeled buttons, accessible form fields, and ARIA attributes that accurately convey structure and function. When websites fail to meet these requirements, blind users are denied equal access to the goods and services offered online.

25.     The World Wide Web Consortium ("W3C") has published the **Web Content Accessibility Guidelines ("WCAG") 2.1**, the universally recognized standards for making

websites accessible to blind and visually-impaired persons. WCAG 2.1 Level A and AA guidelines are widely adopted by businesses, government agencies, and courts as the appropriate benchmark for digital accessibility. Compliance with WCAG 2.1 ensures that blind users can independently navigate websites, perceive content, and complete online purchases.

26. Defendant operates **www.theubeauty.com**, a highly interactive ecommerce platform through which it markets and sells skincare products nationwide, including to consumers in New York. Plaintiff visited Defendant's Website on **March 18, April 2, and April 9, 2026**, intending to research and purchase three specific products sold exclusively by Defendant: the **Multimodal Defender SPF 30**, **The Super Hydrator**, and **The Return Eye Concentrate**. These products incorporate Defendant's proprietary "SIREN Capsule" technology and are not available through any other retailer, making Defendant's Website the only source from which Plaintiff could obtain them.

27. During each visit, Plaintiff encountered multiple accessibility barriers that prevented him from independently accessing essential product information, including missing alternative text, empty buttons, broken ARIA attributes, inaccessible dynamic regions, unlabeled interactive controls, and autoplaying videos without pause controls. These barriers prevented Plaintiff from identifying products, reviewing ingredient information, comparing options, navigating product pages, and completing a purchase.

28. Independent automated audits conducted using **SortSite in 2026** confirmed that these barriers were not isolated. The audits revealed widespread accessibility failures across more than **790 pages** of Defendant's Website, including WCAG 2.1 Level A and AA violations such as:

• missing alternative text on product images;

• empty buttons and empty links;

• broken ARIA attributes;

• ARIA-hidden elements containing focusable content;

• invalid ARIA bindings;

• inaccessible dynamic regions;

• broken JavaScript files; and

• autoplaying videos without pause controls.

These systemic failures rendered Defendant's Website unusable for blind consumers and prevented Plaintiff from completing a transaction.

29.    Defendant's continued operation of an inaccessible Website is particularly significant in light of its **prior litigation history**. In **Ortiz v. TheUBeauty.com, LLC**, Case No. 1:25-cv-00638 (W.D.N.Y.), Defendant filed a **Motion to Dismiss on August 13, 2025**, asserting under oath that its Website "is accessible to the blind and visually impaired," that it had "expended funds to ensure full and equal enjoyment for persons with disabilities," and that it was "committed to maintaining the accessibility of the Website into the future." The extensive accessibility failures documented in the 2026 SortSite audits directly contradict these sworn statements and demonstrate that Defendant did not remediate its Website following the prior lawsuit.

30.    As a result of Defendant's failure to design, construct, maintain, and operate its Website in a manner compatible with screen-reading technology, Plaintiff has been denied full and equal access to Defendant's goods, services, and digital content. Plaintiff intends to return to the Website as soon as the access barriers are removed so that he may

complete his desired purchases. Without remediation, Plaintiff and other blind consumers will continue to be excluded from equal participation in Defendant's online marketplace.

## STATEMENT OF FACTS

**Plaintiff's Background and Access Needs**

31. Plaintiff **RANDOLPH SIMMONS** is a legally blind resident of Bronx County, New York. He suffers from **Retinitis Pigmentosa**, a degenerative retinal disease that causes permanent and profound vision loss. On **January 4, 2024**, his treating ophthalmologist, **Dr. Robert Friedman, MD**, certified him as legally blind on the New York State Office of Children and Family Services **Report of Legal Blindness**. As a result, Mr. Simmons relies exclusively on screen-reading software, including **JAWS** and **NVDA**, and keyboard navigation to access digital content independently.

32. Plaintiff is a proficient screen-reader user who regularly purchases skincare products online. To independently browse, evaluate, and purchase goods, he requires websites to provide meaningful alternative text, properly labeled buttons, accessible form fields, ARIA-compliant interactive elements, and semantic structure compatible with screen-reading technology.

**Plaintiff's Visits to Defendant's Website**

33. Defendant operates **[www.theubeauty.com](http://www.theubeauty.com)**, a highly interactive ecommerce platform through which it markets and sells skincare products nationwide, including to consumers in New York. Defendant's Website allows users to browse inventory, review product information, select sizes, add items to a cart, and complete purchases. The Website includes a "Shop All" collection page listing dozens of products, including **The Super Hydrator**, **The Return Eye Concentrate**, and **The Multimodal Defender SPF 30**.

34. Plaintiff visited Defendant's Website on **March 18, April 2, and April 9, 2026**, from his home in Bronx County using JAWS and NVDA. During each visit, Plaintiff attempted to research and purchase three specific products sold exclusively by Defendant: • **Multimodal Defender SPF 30** — a dark-spot and hyperpigmentation treatment with SPF protection;    • **The Super Hydrator** — a long-lasting hydration treatment;    • **The Return Eye Concentrate** — a restorative eye treatment relevant to Plaintiff's condition. These products incorporate Defendant's proprietary "SIREN Capsule" technology and are not available through any other retailer, making Defendant's Website the only source from which Plaintiff could obtain them.

**Barriers Encountered on the "Shop All" Page**

35. During his March 18 visit, Plaintiff attempted to browse the **Shop All** collection page. The page contains numerous product tiles, each consisting of a product image, product name, price, and "Add to Cart" button. However, Plaintiff's screen reader announced only "image," "link," or "button" without context because the images lacked meaningful alternative text and several interactive elements lacked accessible names.

36. The "Shop All" page also contained **empty buttons**, **empty links**, and **broken ARIA attributes**, causing JAWS and NVDA to announce generic or silent controls. Plaintiff could not determine which products were available, what their functions were, or how to activate the controls necessary to view product details or add items to his cart.

37. Plaintiff attempted to navigate to the **Super Hydrator** and **Return Eye Concentrate** product listings, but the lack of accessible labels and broken interactive

elements prevented him from identifying the correct links or activating them independently.

**Barriers Encountered on the Multimodal Defender SPF Page**

38.    During his April 2 visit, Plaintiff accessed the **Multimodal Defender SPF 30** product page. The page contains product images, descriptive text, ingredient information, size options, and an "Add to Cart" button. However, Plaintiff's screen reader announced only "image" or "graphic" because the product images lacked meaningful alternative text.

39.    The "Add to Cart" button lacked a proper accessible name, causing NVDA to announce only "button" without identifying its function. Plaintiff could not activate the control to add the product to his cart.

40.    Several dropdown menus and dynamic regions on the page were not exposed to screen-reading software. As a result, Plaintiff could not access ingredient information, size options, or pricing details.

**Systemic Accessibility Failures Confirmed by SortSite**

41.    Independent automated audits conducted using **SortSite in 2026** confirmed that the barriers Plaintiff encountered were not isolated. The audits revealed widespread accessibility failures across more than **790 pages** of Defendant's Website, including:    • missing alternative text on product images;    • empty buttons and empty links;    • broken ARIA attributes;    • ARIA-hidden elements containing focusable content;    • invalid ARIA bindings;    • inaccessible dynamic regions;    • broken JavaScript files;    • autoplaying videos without pause controls;    • empty headings; and    • keyboard-inaccessible controls.

42. The SortSite **Broken Link Report** identified repeated broken links across hundreds of pages, including links to Facebook, JavaScript files, and internal pages, confirming that Defendant's Website suffers from systemic quality and accessibility failures.

43. The SortSite **Site Quality Report** identified **798 pages with accessibility problems** and **801 pages with quality issues**, demonstrating that Defendant's Website is not maintained in a manner compatible with screen-reading technology.

**Defendant's Prior Notice and Failure to Remediate**

44. Defendant's continued operation of an inaccessible Website is particularly significant in light of its **prior litigation history**. In **Ortiz v. TheUBeauty.com, LLC**, Case No. 1:25-cv-00638 (W.D.N.Y.), Defendant filed a **Motion to Dismiss on August 13, 2025**, asserting under oath that its Website "is accessible to the blind and visually impaired," that it had "expended funds to ensure full and equal enjoyment for persons with disabilities," and that it was "committed to maintaining the accessibility of the Website into the future."

45. The extensive accessibility failures documented in the 2026 SortSite audits directly contradict these sworn statements and demonstrate that Defendant did **not** remediate its Website following the prior lawsuit. Instead, Defendant continues to operate an ecommerce platform that excludes blind users from equal participation in its online marketplace.

**Plaintiff's Injury and Intent to Return**

46.    As a result of Defendant's failure to design, construct, maintain, and operate its Website in a manner compatible with screen-reading technology, Plaintiff has been denied full and equal access to Defendant's goods, services, and digital content.

47.    Plaintiff remains genuinely interested in purchasing Defendant's products and intends to return to the Website as soon as the access barriers are removed so that he may complete his desired purchases.

48.    Without remediation, Plaintiff and other blind consumers will continue to be excluded from equal participation in Defendant's online marketplace

## CLASS ACTION ALLEGATIONS

49.    Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rules 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff seeks certification of a nationwide class consisting of:

50.    All legally blind individuals in the United States who have attempted to access www.theubeauty.com and, as a result of Defendant's failure to design, construct, maintain, and operate the Website in an accessible manner, were denied equal access to the goods, services, and information offered thereon.

51.    Plaintiff also seeks certification of a New York subclass consisting of:

52.    All legally blind individuals residing in the State of New York who have attempted to access www.theubeauty.com and were denied equal access to the goods, services, and information offered thereon.

53.    The members of the Class and Subclass are so numerous that joinder of all members is impracticable. Defendant operates a nationwide ecommerce platform and markets its wellness and supplement products to consumers throughout the United States.

Upon information and belief, hundreds if not thousands of blind and visually impaired individuals have attempted to access www.theubeauty.com and have been denied equal access due to the systemic accessibility barriers confirmed by WAVE audits.

54.    Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual members. These common questions include, but are not limited to:

- Whether Defendant's Website contains accessibility barriers that prevent blind individuals from accessing its goods and services;

- Whether Defendant's failure to make its Website accessible violates Title III of the ADA;

- Whether Defendant's failure to maintain accessible digital content violates New York State and New York City disability rights laws;

- Whether Defendant's conduct constitutes ongoing discrimination against blind consumers; and

- Whether injunctive relief is warranted to require Defendant to bring its Website into compliance with WCAG 2.1.

55.    Plaintiff's claims are typical of the claims of the Class and Subclass because Plaintiff, like all members of the Class, is legally blind, uses screen-reading software, and was denied equal access to Defendant's Website due to the same systemic accessibility barriers identified in the WAVE reports.

56.    Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass. Plaintiff has retained counsel experienced in ADA litigation, class actions, and digital accessibility matters.

57.     Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass, making final injunctive relief appropriate with respect to the Class as a whole. Defendant continues to operate an inaccessible Website without any policy, plan, or practice to ensure accessibility, thereby subjecting all blind users to the same discriminatory barriers.

58.     Certification under Rule 23(b)(2) is appropriate because Defendant has failed to design, construct, maintain, and operate its Website in compliance with WCAG 2.1, and because Defendant's actions apply generally to all blind individuals who attempt to use the Website. Declaratory and injunctive relief is the only appropriate remedy to ensure equal access for Plaintiff and the Class.

## FIRST CAUSE OF ACTION
**(Violations of the ADA, 42 U.S.C. § 12182 et seq.)**

52.     Plaintiff, RANDOLPH SIMMONS, on behalf of himself and the Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

53.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides:

No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases or leases to, or operates a place of public accommodation.

42 U.S.C. § 12182(a).

54.     Defendant's Website, www.theubeauty.com, is a service of a place of public accommodation and a digital gateway through which Defendant offers goods, services, privileges, and advantages to the general public. As such, the Website must be equally

accessible to all consumers, including blind and visually impaired individuals who rely on screen-reading technology.

55.    Defendant has failed to design, construct, maintain, and operate its website in a manner that is fully accessible to blind and visually impaired individuals, in violation of Title III of the ADA and its implementing regulations.

56.    Defendant's website contains numerous accessibility barriers—including multiple form labels, empty buttons and links, broken skip links, missing and skipped heading levels, redundant links, and low contrast text—that prevent blind users from perceiving, navigating, and interacting with the website.

57.    Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the products, services, facilities, privileges, advantages, or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

58.    Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, inter alia:

[A] failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of

auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden. 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii).

59.     The acts alleged herein constitute violations of Title III of the ADA and the regulations promulgated thereunder. Plaintiff, who is a member of a protected class of persons under the ADA, has a physical disability that substantially limits his major life activity of sight within the meaning of 42 U.S.C. § 12102(1)(A)-(2)(A). Furthermore, Plaintiff has been denied full and equal access to the Website, www.theubeauty.com, has not been provided services that are provided to other patrons who are not disabled, and has been provided services that are inferior to the services provided to non-disabled persons. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct, as the violations are ongoing. Upon information and belief, Defendant has received prior notice of these accessibility anomalies through consumer complaints, automated audit findings, and industry-standard compliance tools, including in a prior class action lawsuit filed against Defendant in this District. See *Ortiz v. TheUBeauty.com, LLC*, Case No. 1:25-cv-00638 (W.D.N.Y.). Despite this notice, Defendant has failed to implement WCAG-compliant remediation, demonstrating a pattern of disregard for its obligations under federal law.

60.     Under 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff requests relief as set forth within the section "Prayer For Relief" below.

**SECOND CAUSE OF ACTION**
**(New York State Human Rights Law)**
**("NYSHRL")**

61.    Plaintiff, RANDOLPH SIMMONS, on behalf of himself and the Class and New York City Sub-Classes Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

62.    At all times relevant to this action, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York Executive Law §§ 290 et seq., covers the actions of the Defendant.

63.    Plaintiff, at all times relevant to this action, as a result of his loss of vision, has a substantial impairment to a major life activity and is an individual with a disability under Article 15 of N.Y. Executive Law § 292(21).

64.    Defendant, at all relevant times to this action, owns and operates a place of public accommodation, the subject Website, www.theubeauty.com, within the meaning of Article 15 of N.Y. Executive Law § 292(9). Defendant is a "person" within the meaning of Article 15 of N.Y. Executive Law § 292(1).

65.    Plaintiff has visited the Website, www.theubeauty.com, on a number of occasions and has encountered barriers to his access that exist.

66.    Under Article 15 N.Y. Executive Law § 296(2)(a) "it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

67.    Discrimination includes the refusal to adopt and implement reasonable modifications in policies, practices, or procedures when they are necessary to afford

facilities, privileges, advantages, or accommodations to individuals with disabilities. Article 15 of N.Y. Executive Law §§ 296(2)(a), 296(2)(c)(i).

68.    Defendant's actions violate Article 15 of N.Y. Exec. Law § 296(2)(a) by discriminating against the Plaintiff and Subclass by (i) owning and operating a website that is inaccessible to disabled individuals who are sight-impaired and cannot discern the content thereof without the use of a screen-reading program; (ii) by not removing access barriers to its Website in order to make accessibility features of the site known to disabled individuals who are sight-impaired; and (iii) by refusing to modify the Website when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities. This inaccessibility denies disabled individuals who are sight-impaired full and equal access to the facilities, goods, and services that the Defendant makes available to individuals who are not disabled and can see without the need of a screen-reading program or other similar device. Article 15 of N.Y. Exec. Law § 296(2)(c).

69.    Defendant's discriminatory practice also includes "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden." Article 15 of N.Y. Exec. Law § 296(2)(c).

70.    Established guidelines exist for making websites accessible to disabled individuals. The International Website Standards Organization, the Worldwide Web Consortium, known throughout the world as W3C, has published version 2.1 of the Web Content Accessibility Guidelines (WCAG 2.1). WCAG 2.1 is a well-established guideline

for making websites accessible to blind and visually impaired people. These guidelines are universally followed by most large business entities and government agencies to ensure websites are accessible.

71.     Defendant has intentionally and willfully discriminated against the Plaintiff and Subclass in violation of the New York State Human Rights Law, Article 15 of N.Y. Exec. Law § 296(2), and the discrimination continues to date.

72.     Absent injunctive relief, Defendant's discrimination will continue against Plaintiff and Subclass, causing irreparable harm.

73.     Plaintiff and the Subclass are therefore entitled to compensatory damages, civil penalties, and fines for every discriminatory act in addition to reasonable attorneys' fees, costs, and disbursements of this action. Article 15 of N.Y. Exec. Law §§ 297(9), 297(4)(c) et seq.

74.     Plaintiff repeats and realleges every allegation contained in the foregoing paragraphs as if fully set forth herein.

75.     An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes Defendant denies, that Defendant's website contains access barriers denying blind customers full and equal access to the products, services, and facilities offered through the website.

76.     A judicial declaration is necessary and appropriate at this time so that the parties may know their respective rights and duties and act accordingly.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Law)**
**("NYCRL")**

77.     Plaintiff, RANDOLPH SIMMONS, on behalf of himself and the New York City Subclass Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

78.     Plaintiff served notice thereof upon the New York State Attorney General, as required by N.Y. Civil Rights Law § 41. (Notice to Attorney General)

79.     Persons within New York State are entitled to full and equal accommodations, advantages, facilities, and privileges of places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No person, being the owner of a place of public accommodation, shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities, and privileges thereof. N.Y. Civ. Rights Law § 40.

80.     No person because of disability, as defined in § 292(21) of the Executive Law, shall be subjected to any discrimination in his or her civil rights by any other person or by any firm, corporation, or institution, or by the state or any agency or subdivision. N.Y. Civ. Rights Law ("NYCRL") § 40-c.

81.     § 292 of Article 15 of the N.Y. Executive Law deems a disability, a physical, mental, or medical impairment resulting from anatomical, physiological, genetic, or neurological conditions that prevent the exercise of a normal bodily function. As such, the Plaintiff is disabled under the N.Y. Civil Rights Law.

82.     Defendant discriminates against the Plaintiff and Subclass under NYCRL § 40 as Defendant's Website, www.theubeauty.com, is a place of public accommodation that

does not provide full and equal accommodation, advantages, facilities, and privileges to all persons and discriminates against disabled individuals who are sight impaired.

83.    Defendant intentionally and willfully failed to remove the barriers on their Website, discriminating against the Plaintiff and Subclass, preventing access in violation of NYCRL § 40.

84.    Defendant has failed to take any steps to halt and correct its discriminatory conduct and continues to discriminate against the Plaintiff and the Subclass members.

85.    Under N.Y. Civil Rights Law § 41, "a corporation which violates any of the provisions of §§ 40, 40-a, 40-b or 42 shall be liable for a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby . . . in any court of competent jurisdiction in the county in which the plaintiff or defendant shall reside." Id.

86.    Plaintiff and the SubClass hereby demand compensatory damages of five hundred dollars ($500.00) for the Defendant's acts of discrimination, including civil penalties and fines under N.Y. Civ. Rights Law § 40 et seq.

## FOURTH CAUSE OF ACTION
### (Violations of the New York City Human Rights Law)
### ("NYCHRL")

87.    Plaintiff, RANDOLPH SIMMONS, on behalf of himself and the New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

88.    N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person who is the owner, franchisor, franchisee,

lessor, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation because of any person's . . . disability . . . directly or indirectly to refuse, withhold from or deny to such person the full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of the place or provider of public accommodation."

89.     Defendant is subject to NYCHRL because it owns and operates the Website, www.theubeauty.com, making it a "person" within the meaning of N.Y.C. Admin. Code § 8-102(1).

90.     Defendant violates N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Defendant's Website, causing the Website and the services integrated therein to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, products, and services that Defendant makes available to the non-disabled public.

91.     Defendant is required to "make reasonable accommodation to the needs of persons with disabilities . . . any person prohibited by the provisions of [§ 8-107 et seq.] from discriminating based on disability [shall] provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question, provided that the disability is known or should have been known by the covered entity." N.Y.C. Admin. Code § 8-107(15)(a).

92.     Defendant's actions constitute willful intentional discrimination against the Sub-Class based on a disability in violation of the N.Y.C. Administrative Code §§ 8-107(4)(a) and 8-107(15)(a), in that Defendant has:

- a. constructed and maintained a Website that is inaccessible to blind class members with knowledge of the discrimination; and/or

- b. constructed and maintained a Website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

- c. failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

93.    Defendant has failed to take any prompt and equitable steps to remedy the discriminatory conduct as these violations are ongoing.

94.    As such, Defendant discriminates and will continue in the future to discriminate against Plaintiff and other members of the proposed class and subclass based on disability in the full and equal enjoyment of the products, services, facilities, privileges, advantages, accommodations and/or opportunities of the Website under N.Y.C. Administrative Code § 8-107(4)(a). Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the Class will continue to suffer irreparable harm.

95.    Defendant's actions violate the NYCHRL, and therefore, Plaintiff invokes the right to injunctive relief to remedy the discrimination.

96.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code §§ 8-120(8) and 8-126(a) for each offense, as well as punitive damages pursuant to § 8-502.

97.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

98.      Under N.Y.C. Administrative Code §§ 8-120 and 8-126 and the remedies, procedures, and rights set forth and incorporated therein, Plaintiff prays for judgment as set forth below.

## FIFTH CAUSE OF ACTION
### (Declaratory Relief)

99.      Plaintiff, RANDOLPH SIMMONS, on behalf of himself and the Class and New York City Sub-Class Members, repeats and realleges every allegation of the preceding paragraphs as if fully set forth herein.

100.      An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that the Website contains access barriers denying blind customers the full and equal access to the products, services and facilities of the Website, which Defendant owns, operates and controls, in violation of applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et seq., and N.Y.C. Admin. Code § 8-107, et seq., prohibiting discrimination against the blind.

101.      A judicial declaration is necessary and appropriate at this time so that each of the parties may know its respective rights and duties and act accordingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

• A preliminary and permanent injunction prohibiting Defendant from violating Title III of the ADA, 42 U.S.C. § 12182 et seq.;

- A preliminary and permanent injunction requiring Defendant to take all steps necessary to make www.theubeauty.com fully accessible to and usable by blind and visually impaired individuals, including through adoption and maintenance of WCAG-conforming accessibility measures;

- A declaration that Defendant owns, maintains, controls, and/or operates its website in a manner that discriminates against blind individuals and fails to provide equal access as required by law;

- An order certifying the proposed Class and New York Subclass under Fed. R. Civ. P. 23, appointing Plaintiff as Class Representative, and appointing his counsel as Class Counsel;

- An award of costs, litigation expenses, and reasonable attorneys' fees to the fullest extent permitted by law; and

- Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
August 11, 2026

Respectfully submitted,
**JOSEPH & NORINSBERG, LLC**
_Robert Schonfeld_
Robert Schonfeld, Esq.
_Attorneys for Plaintiff_
825 Third Avenue, Suite 2100
New York, New York 10022
Tel. No.: (212) 227-5700
Fax No.: (212) 656-1889